IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GUILLERMO QUINONES
REG. #22965-004                                                                                    PETITIONER

VS.                              2:08CV00105 JMM/JTR

T.C. OUTLAW,
Warden, FCI Forrest City                                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Background

On May 29, 2008, Petitioner, Guillermo Quinones, filed this § 2241 habeas action. (Docket entry # 1.) On August 27, 2008, Respondent filed the pending Motion to Dismiss on the ground that Petitioner's habeas claims are procedurally barred and without merit. (Docket entry #7.) Petitioner has filed a Response. (Docket entry #10.) Thus, the issues are joined and ready for disposition. Before addressing Respondent's Motion to Dismiss, the Court will review the procedural history of this case.

On December 18, 1998, Petitioner was convicted by a jury in the Southern District of Florida of conspiracy to possess cocaine, with intent to distribute, in violation of 21 U.S.C. § 846. *United States v. Quinones*, S.D. Fla. No. 1:97CR00462-3 FAM at docket entry #144. On April 20, 1999, Petitioner was sentenced to 240 months of imprisonment. *United States v. Quinones*, S.D. Fla. No. 1:97CR00462-3 FAM at docket entry #168. Petitioner appealed his conviction and sentence to the

Eleventh Circuit Court of Appeals, which affirmed. *United States v. Quinones*, 216 F.3d 1091 (11th Cir. 2000) (table) (unpublished decision).

On July 21, 2001, Petitioner, represented by a new lawyer, filed a § 2255 Petition alleging ineffective assistance of trial counsel. *Quinones v. United States*, S.D. Fla. No. 1:01CV02615 FAM at docket entry #1. On January 10, 2002, the trial court entered an Order denying the § 2255 Petition. *Quinones v. United States*, S.D. Fla. No. 1:01CV02615 FAM at docket entry #14. Petitioner appealed the denial of § 2255 relief to the Eleventh Circuit Court of Appeals, which affirmed. *Quinones v. United States*, 46 Fed. Appx. 959 (11th Cir. 2002) (table) (unpublished decision).

On March 21, 2006, Petitioner filed a *pro se* Rule 60(b) Motion for New Trial, on the grounds of prosecutorial misconduct and a conflict of interest with defense counsel.[1] *United States v. Quinones*, S.D. Fla. No. 1:97CR00462-3 FAM at docket entry #200. On March 22, 2006, the trial court denied the Rule 60(b) Motion. *United States v. Quinones*, S.D. Fla. No. 1:97CR00462-3 FAM at docket entry #201. Petitioner appealed the denial of Rule 60(b) relief to the Eleventh Circuit Court of Appeals. The Eleventh Circuit held that, because Petitioner had attempted to assert either new claims or new reasons for granting a previously-denied claim, the Rule 60(b) Motion was in substance an unauthorized second or successive § 2255 Motion and must be denied. *United States v. Quinones*, 199 Fed. Appx. 774 (11 Cir. 2006) (unpublished *per curiam*).

---

[1]In his Rule 60(b) Motion, Petitioner emphasized that he was represented at trial by Roy Black, a nationally known criminal defense lawyer. (Docket entry #7, Ex. 5.) In support of his Rule 60(b) claims, Petitioner relied on a 2000 newspaper article that identified Mr. Black as one member of a team of 39 defense lawyers who, in the process of defending an unrelated drug smuggling case in 1995, allegedly received an aggregate of $25 million in fees from laundered drug proceeds. *Id.* Petitioner's theory was that, because the United States Attorney's Office was also investigating his defense lawyer for receipt of improper fee payments, he was represented under a conflict of interest.

In this habeas action, Petitioner now alleges that: (1) his Sixth Amendment rights to a fair trial were violated because he was not informed that the United States Attorney's office was investigating his own lawyer; and (2) he would have been acquitted at trial but for ineffective assistance of counsel, who represented him under a conflict of interest. (Docket entry #1.)

In Respondent's Motion, he argues that this habeas action must be dismissed because Petitioner is reasserting the same claims he raised in his § 2255 Petition and that Petitioner has not met his burden of showing that his § 2255 remedy was inadequate or ineffective, a prerequisite for pursuing this § 2241 habeas action. For the reasons discussed below, the Court recommends that Respondent's Motion to Dismiss be granted.

## II. Discussion

It is well settled that a collateral challenge to a federal conviction or sentence must be raised in a motion to vacate that is filed in the *sentencing court* under 28 U.S.C. § 2255, and not in a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). However, § 2255 contains a "savings clause," which provides that the court of incarceration can hear a challenge to a federal sentence or conviction brought in a § 2241 habeas petition *if* the remedy under § 2255 is "inadequate or ineffective." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective. Importantly, it is the petitioner's burden to establish that his remedies in the sentencing jurisdiction are inadequate or ineffective. *Hill*, 349 F.3d at 1091.

In defining what is meant by "inadequate or ineffective," the Eighth Circuit has held that

more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion.  *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (A § 2255 motion is not "inadequate or ineffective" merely because:  (1) "§ 2255 relief has already been denied;" (2) "the petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire").  In other words, a petitioner cannot file a § 2241 habeas petition in the court of incarceration merely because he no longer has any remaining avenues for redress in the court in which he was convicted and sentenced.

In support of his claims being cognizable under § 2241, Petitioner argues that the Government and Roy Black (his defense counsel) effectively concealed from him the fact that Mr. Black was under investigation by the Government, and therefore subject to the alleged conflict of interest.  According to Petitioner, this concealment prevented him from presenting his claims in his original § 2255 action.[2]

Petitioner clearly had an adequate procedural opportunity to raise these claims in the § 2255 Petition he filed with the sentencing court.  The Eleventh Circuit, in affirming the denial of *these same claims* in Petitioner's Rule 60(b) Motion, noted that Petitioner had effectively attempted to proceed with a second or successive § 2255 Petition without first obtaining authorization from the appellate court.  *Quinones*, 199 Fed. Appx. at 775.  The fact that Petitioner did not obtain authorization to file a successive § 2255 Petition, or that he could not pass through the gatekeeping requirements for filing a successive petition under § 2255(h), *does not* render § 2255 inadequate or

---

[2]In making this argument, Petitioner overlooks the fact that the newspaper article on which he originally relied to support the existence of the alleged conflict was published in 2000, the year *before* he filed his original § 2255 action.

ineffective. *See Lurie*, 207 F.3d at 1077. In other words, § 2241 habeas relief is not available merely because Petitioner now faces a procedural or substantive bar to § 2255 relief. Thus, the Court concludes that Petitioner has failed to demonstrate that this is one of the "rare instance[s]" in which the § 2255 remedy is inadequate or ineffective. Accordingly, the Court lacks subject-matter jurisdiction to hear Petitioner's habeas claims.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (docket entry #7) be GRANTED, and that the case be DISMISSED, WITHOUT PREJUDICE.

Dated this 28th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE